STATE of Maine

v.

Norman G. CEASER.

Supreme Judicial Court of Maine.

Oct. 27, 1976.

Thomas A. Berry, Asst. Dist. Atty., Bath, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, by William W. Willard, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

* WEATHERBEE, J. sat at argument but died before the opinion was adopted.

WERNICK, Justice.

On May 30, 1975 defendant was tried, jury-waived, in the Superior Court (Sagadahoc County) on a complaint charging violation of 29 M.R.S.A. § 1251—speeding. The presiding Justice found defendant guilty, and judgment of conviction was entered accordingly. Defendant appeals from the judgment.

The facts are not in dispute. On October 1, 1974, at approximately 12:35 p.m., defendant was driving his 1974 Lincoln automobile in an easterly direction along Route 1 in the Town of Woolwich. This section of Route 1 was posted with signs indicating a speed limit of 50 miles per hour. Defendant came upon an automobile traveling easterly at a speed of approximately 40 miles per hour which defendant decided to pass. Defendant pulled into the left hand lane to execute the pass.[1] The vehicle defendant intended to pass thereupon accelerated, closing a gap existing between it and a third automobile being operated ahead of it. Simultaneously, another vehicle which had been proceeding behind defendant's also accelerated, sufficiently to move immediately behind the automobile defendant was attempting to pass. Defendant thereupon decided that he should pass all three of the automobiles operating in the right hand lane and did so.[2] Soon after defendant had returned to the right hand lane of the highway he was stopped by a State Police officer who had been monitoring defendant's car with radar and had determined that defendant had exceeded the 50 mile per hour speed limit.[3] The presiding Justice found that while passing another vehicle, defendant exceeded the posted speed.

Defendant admits that he did exceed the posted speed limit but argues, nonetheless, that the presiding Justice erred in finding him guilty of the crime of speeding. Defendant's claim is that the legal effect of the statute regulating "passing", 29 M.R.S.A. § 1152, overrides applicability to the present circumstances of 29 M.R.S.A. § 1251, the posted speed statute.

We disagree with defendant's contention and deny his appeal.

Defendant argues that the legislative intent in enacting traffic laws is to enhance the safety of the highways. Defendant further asserts that on a two lane road, where it is necessary to travel to the left of the center line in order to pass a vehicle proceeding in the same direction, it is safer to pass as rapidly as possible than to remain within the speed limit and spend a longer period of time to the left of the center line. Since speed enhances safety in such a situation defendant contends that to implement the legislative purpose—having safe highways—this Court should in-

1. In his brief, defendant claims that the section of Route 1 in question is a two-lane road, and during the act of passing he was traveling to the left side of the center line. The record indicates that passing was legal at the point on Route 1 at which defendant executed this passing maneuver but does not reveal the number of lanes of the roadway. Defendant has represented to us that the highway in question was a two-lane highway. For the purposes of argument we shall accept this statement of defendant since the decision we have reached renders it immaterial.

2. Defendant testified at trial that after he pulled out, he noticed a telephone truck with its lights flashing just off the road on the left shoulder. He also noticed a car off to the right on a side road which intersected Route 1 some distance ahead of him. He stated that the presence of these vehicles affected his decision to speed up and pass all three cars as he concluded that they might be about to pull out onto Route 1. Defendant's counsel made clear at oral argument, however, that defendant does not claim that he was confronted with an emergency situation.

3. 29 M.R.S.A. § 1254 authorizes the use of radar to measure the speed of motor vehicles.

terpret 29 M.R.S.A. § 1251 to mean that a driver is prohibited from exceeding a posted speed limit *except when passing*.

We find no inconsistency between 29 M.R.S.A. § 1152 and 29 M.R.S.A. § 1251. We hold that the Legislature intended that the operators of motor vehicles shall *both* pass safely *and* drive within posted speed limits. Since we conclude—absent, as here, a true emergency (n. 2, ante)—that safe passing is consistent with driving within posted speed limits, we decide that defendant was properly convicted of a violation of 29 M.R.S.A. § 1251.

The entry is:

*Appeal denied.*

DELAHANTY, J., did not sit.

All Justices concurring.